CASEY R. FRONK (Illinois State Bar No. 6296535)
*PRO HAC VICE* APPLICATION PENDING
FronkC@sec.gov
Counsel for Plaintiff
U.S. Securities and Exchange Commission
351 South West Temple, Suite 6.100
Salt Lake City, UT 84101-1950
Tel.: (801) 524-5796
Fax: (801) 524-3558

Local Counsel:
AMY JANE LONGO (Cal. Bar. No. 198304)
LongoA@sec.gov
444 S. Flower Street, Suite 900
Los Angeles, CA 90071
Tel: (323) 965-3835
Fax: (213) 443-1904

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| STEPHEN SCOTT MOLESKI; DAVID MICHAEL; and, ERIK CHRISTIAN JONES, | |
| Defendants, | |
| and | |
| ALLIANCE MANAGEMENT GROUP, LLC, a private Nevada Limited Liability Company; AUSTIN MARKETING GROUP, LLC, a private Nevada Limited Liability Company; AUSTIN MEDIA GROUP, LLC, a private Nevada Limited Liability Company; AUSTIN PARTNERS LLC, a private Nevada Limited Liability Company; and, AUSTIN PARTNERS I, LLC, a private Nevada Limited Liability Company, | |
| Relief Defendants. | |

Plaintiff, Securities and Exchange Commission (the "Commission"), alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action pursuant to Sections 20(b) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b) and 77v(a)]; Sections 21(d) and 27(a) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78u(d) and 78a(a)]; Sections 209(d) and 214(a) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b–9(d) and 80b–14(a)]; and 28 U.S.C. § 1331.

2.    The Commission brings this action pursuant to Sections 20(b) and (d) of the Securities Act [15 U.S.C. §§ 77t(b), (d)]; Sections 21(d) and (e) of the Exchange Act [15 U.S.C. §§ 78u(d), (e)]; and Sections 209(d) and (e) of the Advisers Act [15 U.S.C. §§ 80b–9(d), (e)] to enjoin such acts, practices, and courses of business, and to obtain civil money penalties and such other and further relief as this Court may deem just and appropriate.

3.    Defendants Moleski, Michael, and Jones were, individually and collectively, involved in the offer and sale of the securities, as that term is defined under Section 2(a)(1) of the Securities Act [15 U.S.C. § 77b(a)(1)] and Section 3(a)(10) of the Exchange Act [15 U.S.C. § 78c(a)(10)], of multiple issuers.

4.    Additionally, Defendants Moleski and Michael offered securities in one or more pooled investment vehicles (as that term is defined under Advisers Act Rule 206(4)–(8)(b) [17 C.F.R. § 275.206(4)–8(b)]) for which Michael and, in regard to at least one of the pooled investment vehicles, Moleski, served as investment advisers (as that term is defined in Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b–2(a)(11)]).

5.    Each Defendant, directly or indirectly, made use of the mails or means or instrumentalities of interstate commerce in connection with the conduct alleged in this Complaint.

6.　　Venue in this District is proper because each Defendant is found in, inhabits, and/or transacted business in the Central District of California and because one or more acts or transactions constituting the violations occurred in the Central District of California.

**SUMMARY OF THE ACTION**

7.　　Between at least June 2018 and December 2019, Defendants Stephen Scott Moleski, David Michael, and Erik Christian Jones, who were neither registered as brokers or dealers with the Securities and Exchange Commission ("Commission") nor associated with a registered broker/dealer, solicited numerous investors to purchase securities in connection with two securities offerings.

8.　　Defendants earned, collectively and in gross, at least $409,287.96 in illicit commissions from this securities solicitation work, and Defendant Jones earned an additional amount for soliciting investor purchases of securities offered and issued by entities Defendants Moleski and/or Michael controlled.

9.　　By engaging in this conduct, Defendants Moleski, Michael, and Jones each violated and, unless restrained and enjoined by this Court, may continue to violate Sections 5(a) and (c) of the Securities Act [15 U.S.C. § 77e(a), (c)] and Section 15(a)(1) of the Securities Exchange Act [15 U.S.C. § 78o(a)(1)].

10.　　In addition, during 2019 and 2020, Defendants Moleski, Michael, and Jones offered and sold securities interests in one or more private funds that Defendants Moleski and Michael operated, managed, and advised.

11.　　In connection with promoting and soliciting investment in these private funds, Defendants Moleski and Michael made material misstatements and omissions to investors as part of a scheme to obtain and then misappropriate investor monies.

12.　　By engaging in this conduct, each of Defendants Moleski and Michael violated and, unless restrained and enjoined by this Court, may continue to violate Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)]; Exchange Act Rule 10b–5 [17 C.F.R. § 240.10b–

5]; Sections 206(1), (2), and (4) of the Investment Advisers Act [15 U.S.C. §§ 80b–6(1), (2), (4)]; and Advisers Act Rule 206(4)–(8) [17 C.F.R. § 275.206(4)–8] thereby.

## DEFENDANTS

13. **Stephen Scott Moleski (a/k/a Steve Scott)**, age 61, is believed to be a resident of the Los Angeles, California, area. Moleski, individually or with Michael, controlled one or more of the limited liability companies named as relief defendants in this action. Moleski was also a co-defendant in another recent suit brought by Plaintiff (*see Securities and Exchange Commission v. Drake et al.*, No. 2:20-cv-00405 (C.D. Cal. filed January 15, 2020)) and also was a subject of previous securities-related state actions.

14. **David Michael (a/k/a David Michael Newman, Jr.; David Washington)**, age 50, is believed to be a resident of Encino, California, or Oak Park, California. Michael, individually or with Moleski, controlled one or more of the limited liability companies named as relief defendants in this action.

15. **Erik Christian Jones**, age 49, is a resident of Redondo Beach, California. Jones worked as a telephone securities solicitor for Moleski, Michael, and their companies.

## RELIEF DEFENDANTS

16. **Alliance Management Group, LLC**, is a Nevada limited liability company with its primary place of business in Tarzana, California, and is controlled by Moleski and Michael. Alliance Management Group received funds through the misconduct described herein.

17. **Austin Marketing Group, LLC**, is a Nevada limited liability company with its primary place of business in Tarzana, California, and is controlled by Moleski and Michael who serve as co-CEOs. Austin Marketing Group received funds through the misconduct described herein.

18. **Austin Media Group, LLC**, is a Nevada limited liability company with its primary place of business in Tarzana, California, and is controlled by Moleski and

Michael. Austin Media Group received funds through the misconduct described herein.

19. **Austin Partners, LLC**, is a Nevada limited liability company with its primary place of business in Tarzana, California, and is controlled by Michael. Austin Partners received funds through the misconduct described herein.

20. **Austin Partners I, LLC**, is a Nevada limited liability company with its primary place of business in Tarzana, California, and is controlled by Moleski and Michael who serve as co-CEOs. Austin Partners I received funds through the misconduct described herein.

## **FACTS**

### **Defendants' Illicit Brokerage Activities**

*The Web Blockchain Media, Inc., convertible promissory note securities offering*

21. During or around January 2018, Web Blockchain Media, Inc. (f/k/a Web Global Holdings, Inc.; f/k/a Webb Interactive Services, Inc.) ("Web") desired to raise funds from investors via the offer and sale of convertible promissory note securities (the "Web Convertible Note Securities Offering").

22. To further the Web Convertible Note Securities Offering, Web entered into a *Consulting Agreement* with "David Michael, a California corporation" that, among other things, called for Michael to assist in raising capital for Web. (*See* Consulting Agreement, attached as Ex. A.)

23. On information and belief, Web entered into a similar agreement with Moleski operating as or through Austin Marketing Group, LLC.

24. The *Consulting Agreement* specified that Michael was to be compensated "in the amount of thirty-four (34%) percent of any funds raised…" from investors. (*See* Ex. A. at 2 ¶ 4.)

25. In 2018 and 2019, approximately $1,149,321.60 was raised through the Web Convertible Note Securities Offering from approximately 30 investors solicited by Moleski, Michael, and/or their agents, including Jones, and Web paid at least the

following commissions to Defendants for these solicitations:

| Payor | Payee | Date Range | Amount |
|---|---|---|---|
| Allocation Media Entertainment (a Web affiliate) | Austin Media Group, LLC | 10/18/18 – 04/15/19 | $67,650.00 |
| Allocation Media Entertainment | Austin Partners I, LLC | 07/09/19 | $1,550.00 |
| Allocation Media Entertainment | David Michael | 08/22/18 – 10/15/19 | $243,850.00 |
| Allocation Media Entertainment | Stephen Moleski | 06/21/18 – 12/21/18 | $54,237.96 |
| *Total* | | *06/21/18 – 10/15/19* | *$367,287.96* |

26.     During the time Defendants solicited investors for the Web Convertible Note Securities Offering, they were neither registered as brokers or dealers with the Commission nor associated with a broker or dealer registered with the Commission.

27.     During the time Defendants were involved as solicitors for the Web Convertible Note Securities Offering, no registration statement, in regard to the securities offering, was in effect, and no registration statement had been filed with the Commission.

### The Heartland Income Properties, LLC, securities offering

28.     In late 2018, Heartland Income Properties, LLC ("Heartland") posted a series of Craigslist advertisements in search of solicitors to raise funds from investors for Heartland's private placement securities offering (the "Heartland Offering").  An individual associated with one of the relief defendants contacted Heartland's CEO in response to these postings.

29.     Thereafter, Heartland's CEO traveled to Tarzana, California, to meet with Moleski and Michael and to view their telemarketing operation. Following that meeting, Heartland and Austin Marketing Group, LLC, entered into an unsigned *Strategic Alliance Agreement*, dated December 5, 2018, that called for Austin Marketing Group to "use its best efforts to assist Heartland in sourcing equity capital pursuant to its Private Placement."  (*See* Strategic Alliance Agreement, attached as Ex. B.)

30.     The *Strategic Alliance Agreement* provided that Austin Marketing Group was to be compensated for its efforts in the form of a payment of 30% of the funds it raised from investors for the Heartland Offering, including funds invested in the

5

Heartland Offering by Austin Partners I, LLC, a private pooled investment vehicle (*i.e.*, a fund) advised by Moleski and Michael.

31.     In 2019, $55,000.00 was raised by the Austin Marketing from three investors and another $85,000.00 was invested by Austin Partners I.

32.     Heartland made at least the following payments pursuant to the *Strategic Alliance Agreement*. Of these payments, all but $500 were commissions for soliciting investors in the Heartland Offering.

| Payor | Payee | Date Range | Amount |
|---|---|---|---|
| Heartland Income Properties | Austin Marketing Group, LLC | 01/15/19 – 10/10/19 | $29,500.00 |
| Heartland Income Properties | Austin Media Group, LLC | 12/26/18 – 01/11/19 | $4,000.00 |
| Heartland Income Properties | Austin Partners I, LLC | 12/09/19 | $9,000.00 |
| *Total* | | *12/26/18 – 12/09/19* | *$42,500.00* |

33.     During the time Defendants were involved as solicitors for the Heartland Offering, they were neither registered as a brokers or dealers with the Commission nor associated with a broker or dealer registered with the Commission.

**The Pooled Investment Vehicles**

34.     During early 2019, Defendants Moleski and Michael created a private investment fund, Austin Partners I, LLC, and began, both directly and indirectly through hired securities solicitors (*i.e.*, telephone salespersons) such as Defendant Jones, soliciting investors to invest in the fund.

35.     Defendants Moleski and Michael were managing members, co-CEOs, and advisors of Austin Partners I, LLC.

36.     The ostensible purpose of Austin Partners I, LLC was to pool investment capital from investors and to invest that capital in a pooled portfolio of securities selected, advised, and managed by Defendants Moleski and Michael.

37.     In connection with the offering and sale of interests in the Austin Partners I, LLC, fund, Defendants Moleski and Michael, operating through Austin Marketing Group, LLC, and/or Austin Partners I, LLC, created and distributed to potential investors a document titled *Austin Partners I, LLC Summary of Partnership Activity* (the "Austin Partners I Offering Document") (*See* Austin Partners I Offering

Document, attached as Ex. C.)

38.     The offering document contained an *Executive Summary* that stated, *inter alia*:

- "Austin Partners I, a Nevada LLC, was formed to create an investment grade portfolio of high-quality Investments. Austin Marketing Group manages and oversees all activities of the partnership." (Ex. C at 2.)

- "Our investment objectives are to maximize the returns to our clients and show them phenomenal returns. We will accomplish this by investing as a group giving us more buying power. This will include stocks, real estate, precious metals, energy – such as oil and gas, and a variety of other investment opportunities." (Id.)

- "We attain [sic] a full-time expert licensed broker who monitors daily activity of all stocks, giving a 'third eye' on the market's agile movement. This gives our investors peace of mind, knowing that their investment are not only safe in the market, but are also maneuverable between stocks to insure maximum growth and avoid any pitfalls." (Id.)

- "We are extremely confident that we not only provide a 'Safe Harbor' for our investors['] money but will continue to ultimately strive for their financial freedom." (Id.)

- "Please remember Austin Partners I motto – 'Helping our clients not only achieve magnificent financial gains, but more importantly, achieving financial freedom in a world where NOTHING is free! WE TREAT YOUR MONEY LIKE IT'S OUR OWN!" (*Id.*)

The Austin Partners I Offering Document also suggested that the fund held or would hold investments in securities issued by Web, Heartland, and Life Investors Management Company, LP (f/k/a Life Investors Management Company, LLC) ("LIMC"), with the latter of these being related to life insurance policies issued on the lives of terminally-ill persons.

7

39. These statements and the offering document were false or misleading. In particular:

- Although the offering document contained several pages concerning Heartland, Web, and LIMC (thus suggesting that they were or would become portfolio holdings), and although multiple investors (*e.g.*, T.H. of Kansas, V.H. of Michigan, S.S. of Illinois, J.V. of Nevada, and D.Y. of California, each of whom invested between September 2019 and December 2019) stated that they were solicited specifically or primarily on the basis of the LIMC life insurance settlement investments, no Austin Partners I, LLC, investor money was ever invested in, with, by, or through Web or LIMC.

- Rather than creating an investment-grade portfolio of high-quality investments, Austin Partners I, LLC, held only one investment: a cumulative $85,000 invested into the illiquid Heartland Offering, and Defendants Moleski and Michael, through various Austin entities, received 30% commissions on that investment (*i.e.*, they received $25,500 in commissions effectively paid out from the $85,000 that they advised and caused Austin Partners I, LLC, to invest in the Heartland Offering).

- There was no "full-time expert licensed broker" monitoring Austin Partners I's portfolio. In fact, none of the Relief Defendant entities controlled by Defendants Moleski and/or Michael ever established a brokerage account anywhere or traded in any stocks (despite that the TD Ameritrade brokerage firm logo featured prominently on the Austin Marketing website).

- In at least one instance, an investor (S.S. of Illinois who invested during December 2019) was "gifted" half a unit (i.e., he invested $10,000 for the purchase of one unit of Austin Partners I, LLC, and was gifted with

8

an additional 0.5 units nominally valued at $5,000), thus meaning that investor interests in Austin Partners I were being diluted. (See "Welcome Aboard" correspondence, attached as Ex. D.)

- Instead of providing Austin Partners I, LLC, investor clients with a "safe harbor" for their money, investor money was routinely misused, including by:

- being used to pay operational expenses of the Relief Defendants (e.g., office rent, salaries, commissions to solicitors such as Defendant Jones, etc.);

- being commingled in bank accounts that appear to have been used as a de facto personal accounts by Defendants Moleski and/or Michael;

- being used to make payments to Defendant Michael;

- being used to pay personal expenses of Defendants Moleski and Michael;

- being withdrawn, in cash, by Defendants Moleski and/or Michael;

    a.    being transferred to other companies controlled by Defendants Moleski and/or Michael; and

    b.    being used to make payments to certain other investors.

40.    Additionally, (a) in the Austin Partners I Offering Document; (b) on the Austin Marketing and Media Group, LLC/Austin Marketing Group, LLC, and the Alliance Management Group, LLC, websites (see Images from Websites, attached as Ex. E); and (c) in his oral communications with multiple investors (e.g., investors B.K. of Florida, T.H. of Kansas, S.S. of Minnesota, and J.V. of Nevada, each of whom invested between July 2019 and April 2020); Defendant Moleski misleadingly held himself out as Steve(n) Scott, instead of as Stephen Scott Moleski (his full name), thus preventing investors and prospective investors from conducting due diligence and learning of his past and disciplinary history.

41.    After learning of Plaintiff's investigation into their conduct, Defendants

Moleski and Michael ceased operating as Austin Marketing Group, LLC, and began operating as Alliance Management Group, LLC. Additionally, Defendants Moleski and Michael phased out use of (in regard to new investor solicitations) the Austin Partners I, LLC, entity for their private investment fund, and Defendant Michael (possibly with Defendant Moleski) replaced it with use of the Alliance Management Group, LLC, and Austin Partners, LLC, entities (as private funds) and continued to, either directly or indirectly through solicitors such as Defendant Jones, solicit investments from prospective investors.

42.     In connection with the solicitation of investors to invest in or through the Alliance Management Group, LLC, or Austin Partners, LLC, private funds, Defendant Michael, either directly (*e.g.*, in regard to prospective investor J.A. of Alabama and investors C.B. of Georgia and C.B. of Michigan, the latter two invested between March 2020 and August 2020) or indirectly through solicitors such as Defendant Jones (*e.g.*, in regard to investor J.R. of Ohio who invested during April 2020), continued to tell prospective investors that their investment monies would, via the private funds, be invested in the LIMC offerings. No such investments were ever made with the monies contributed to either fund by investors and, instead, the money provided by investors were misappropriated and spent by Defendant Michael on business (*e.g.*, rent, salaries, commissions, etc.) and personal expenses.

## FIRST CLAIM FOR RELIEF

### Violations of Sections 5(a) and 5(c) of the Securities Act

### [15 U.S.C. § 77e(a), (c)]

### (*Against each Defendant*)

43.     The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–42, inclusive, as if they were fully set forth herein.

44.     By engaging in the conduct described above each Defendant, directly or indirectly:

        a.     made use of means or instruments of transportation or

communication in interstate commerce or of the mails to sell Web; Austin Partners I, LLC; Alliance Management Group, LLC; and/or Austin Partners, LLC, securities, as to which no registration statement was in effect, through the use or medium of any prospectus or otherwise;

        b.    carried or caused to be carried through the mails or in interstate commerce, by any means or instrument of transportation, Web; Austin Partners I, LLC; Alliance Management Group, LLC; and/or Austin Partners, LLC, securities, as to which no registration statement was in effect, for the purpose of sale or for delivery after sale; and,

        c.    made use of any means or instruments of transportation or communications in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise Web; Austin Partners I, LLC; Alliance Management Group, LLC; and/or Austin Partners, LLC, securities as to which no registration statement had been filed.

45.    In regard to the sale of Web; Austin Partners I, LLC; Alliance Management Group, LLC; and/or Austin Partners, LLC, securities described herein, no exemption validly applied to the registration requirements described above.

46.    By reason of the foregoing, each of the Defendants violated and, unless enjoined, will continue to violate Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a), (c)].

## SECOND CLAIM FOR RELIEF

### Violations of Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)]

### (*Against each Defendant*)

47.    The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–42, inclusive, as if they were fully set forth herein.

48.    By engaging in the conduct described above, each Defendant:

        a.    engaged in the business of effecting transactions in securities for the account of others; and

b.      directly or indirectly, made use of the mails or the means or instrumentalities of interstate commerce to effect transactions in, or to induce or attempt to induce the purchase or sale of, securities without being registered as a broker or dealer with the Commission or associated with a broker or dealer registered with the Commission.

49.      By reason of the foregoing, each Defendant violated and, unless enjoined, will continue to violate Sections 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)].

## THIRD CLAIM FOR RELIEF

**Violations of Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]**
**(*Against Defendants Moleski and Michael*)**

50.      The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–42, inclusive, as if they were fully set forth herein.

51.      By engaging in the conduct described above, each of Defendants Moleski and Michael, directly or indirectly, individually or in concert with others, in the offer and sale of securities, by use of the means and instruments of transportation and communication in interstate commerce or by use of the mails, (1) employed devices, schemes, or artifices to defraud; (2) obtained money or property by means of untrue statements of material fact or omissions to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and, (3) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit.

52.      With respect to violations of Sections 17(a)(2) and 17(a)(3) of the Securities Act, each of Defendants Moleski and Michael was at least negligent in his conduct and in the untrue and misleading statements alleged herein.

53.      With respect to violations of Section 17(a)(1) of the Securities Act, each of Defendants Moleski and Michael engaged in the above-referenced conduct knowingly or with severe recklessness.

54.     By reason of the foregoing, each of Defendants Moleski and Michael violated and, unless enjoined, will continue to violate Section 17(a) of the Securities Act.

## **FOURTH CLAIM FOR RELIEF**

**Violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b–5 [17 C.F.R. § 240.10b–5]**

**(*Against Defendants Moleski and Michael*)**

55.     The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–42, inclusive, as if they were fully set forth herein.

56.     By engaging in the conduct described above, each of Defendants Moleski and Michael, directly or indirectly, individually or in concert with others, in connection with the purchase or sale of securities, by use of the means and instrumentalities of interstate commerce or by use of the mails, (a) employed devices, schemes, and artifices to defraud; (b) made untrue statements of material facts and/or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and, (c) engaged in acts, practices, and course of business which operated as a fraud and deceit upon purchasers, prospective purchasers, and other persons.

57.     Each of Defendants Moleski and Michael engaged in the above-referenced conduct and made the above-referenced untrue and misleading statements knowingly or with severe recklessness.

58.     By reason of the foregoing, each of Defendants Moleski and Michael have violated and, unless enjoined, will continue to violate Section 10(b) of the Exchange Act and Exchange Act Rule 10b–5.

///
///
///
///

## FIFTH CLAIM FOR RELIEF

**Violations of Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b–6(1), (2), (4)] and Rule 206(4)–8 thereunder [17 C.F.R. § 275.206(4)–8]**
**(*Against Defendants Moleski and Michael*)**

59.     The Commission re-alleges and incorporates by reference each and every allegation in paragraphs 1–42 inclusive, as if they were fully set forth herein.

60.     Defendants Moleski and Michael served as investment advisers to the Austin Partners I, LLC, fund. As co-officers of Austin Partners I, LLC, Moleski and Michael controlled the fund, advised, and made investment decisions on its behalf. Defendant Michael (and possibly Defendant Moleski) similarly served as investment advisers to the Alliance Marketing Group, LLC, and Austin Partners, LLC, funds through his control of the funds and his advising and making investment decisions on their behalf.

61.     Each of Defendants Moleski and Michael received, directly or indirectly, compensation for serving as investment advisers from Austin Partners I, LLC, via distributions taken from the Austin Partners I, LLC, bank account, and Defendant Michael similarly received compensation through distributions taken from the Alliance Management Group, LLC, and Austin Partners, LLC, bank accounts. As such, Defendants Moleski and Michael each met the definition of investment adviser under the Section 202(a)(11) of the Advisers Act [15 U.S.C. § 80b–2(a)(11)].

62.     By engaging in the conduct described above, each of Defendants Moleski and Michael, directly or indirectly, individually or in concert with others, by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly (1) employed one or more devices, schemes, or artifices to defraud any client or prospective client; (2) engaged in one or more transactions, practices, or courses of business which operated as a fraud or deceit upon any client or prospective client; and, (3) engaged in one or more acts, practices, or courses of business which was fraudulent, deceptive, or manipulative, by making one or more untrue statements

of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; and/or by engaging in one or more acts, practices, or courses of business that was fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

63.    Each of Defendants Moleski and Michael engaged in the above-referenced conduct knowingly or with severe recklessness.

64.    By reason of the foregoing, each of Defendants Moleski and Michael have violated and, unless enjoined, will continue to violate Sections 206(1), 206(2), and 206(4) of the Advisers Act and Rule 206(4)–8 thereunder.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, the Commission respectfully requests that this Court enter a final judgment:

**I.**

Permanently restraining and enjoining each Defendant from, directly or indirectly, engaging in conduct in violation of Section 5 of the Securities Act [15 U.S.C. § 77e] and Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)];

**II.**

Permanently restraining and enjoining each of Defendants Moleski and Michael from, directly or indirectly, engaging in conduct in violation of Section 17(a) of the Securities Act [15 U.S.C. § 77q]; Section 10(b) of the Exchange Act [78j(b)] and Rule 10b–5 thereunder [17 C.F.R. § 240.10b–5]; and, Sections 206(1), 206(2), and 206(4) of the Advisers Act [15 U.S.C. §§ 80b–6(1), (2), (4)] and Rule 206(4)–8 thereunder [17 C.F.R. § 275.206(4)–8].

**III.**

Permanently restraining and enjoining each of Defendants Michael and Jones from, directly or indirectly, including, but not limited to, through any entity owned or

controlled by each, soliciting any person or entity to purchase or sell any security;

**IV.**

Ordering each of the Defendants and Relief Defendant to disgorge all ill-gotten gains or unjust enrichment derived from the activities set forth in this Complaint, together with prejudgment interest thereon;

**V.**

Ordering (A) each of Defendants Moleski and Michael to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]; Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]; and Section 209(e) [15 U.S.C. § 80b–9(e)] of the Advisers Act; and (B) ordering Defendant Jones to pay civil monetary penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)];

**VI.**

Retaining jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court; and,

**VII.**

Granting such other and further relief as this Court may deem just, equitable, or necessary in connection with the enforcement of the federal securities laws and for the protection of investors.

Dated:  February 5, 2021

*/s/ Amy Jane Longo*
AMY JANE LONGO
CASEY R. FRONK
Attorneys for Plaintiff
Securities and Exchange Commission