# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>vs.<br><br>STEPHEN SCOTT MOLESKI; DAVID MICHAEL; and, ERIK CHRISTIAN JONES,<br><br>            Defendants,<br><br>and<br><br>ALLIANCE MANAGEMENT GROUP, LLC, a private Nevada Limited Liability Company; AUSTIN MARKETING GROUP, LLC, a private Nevada Limited Liability Company; AUSTIN MEDIA GROUP, LLC, a private Nevada Limited Liability Company; AUSTIN PARTNERS LLC, a private Nevada Limited Liability Company; and, AUSTIN PARTNERS I, LLC, a private Nevada Limited Liability Company,<br><br>            Relief Defendants. | Case No. 2:21-cv-01065-SVW-E<br><br>**AMENDED] FINAL JUDGMENT OF DEFAULT AGAINST DEFENDANTS STEPHEN SCOTT MOLESKI AND DAVID MICHAEL AND RELIEF DEFENDANTS ALLIANCE MANAGEMENT GROUP, LLC, AUSTIN MARKETING GROUP, LLC, AUSTIN MEDIA GROUP, LLC, AUSTIN PARTNERS LLC and AUSTIN PARTNERS I, LLC** |

This matter comes before the Court on the Plaintiff Securities and Exchange Commission's ("Commission's") Motion for Entry of Default Judgment Against Defendants Stephen Scott Moleski ("Moleski") and David Michael ("Michael") and Relief Defendants Alliance Management Group, LLC, Austin Marketing Group, LLC, Austin Media Group, LLC, Austin Partners LLC and Austin Partners I, LLC. The Court having considered the Commission's Complaint, the Motion, the supporting Memorandum of Points and Authorities, the supporting Declarations and exhibits, and other evidence and argument presented to the Court, finds that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Commission's Motion for Default Judgment Against Defendants Stephen Scott Moleski And David Michael And Relief Defendants Alliance Management Group, LLC, Austin Marketing Group, LLC, Austin Media Group, LLC, Austin Partners LLC and Austin Partners I, LLC is GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Moleski and Michael are each permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.


IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moleski's and/or Michael's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moleski and/or Michael and/or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Moleski and Michael are each permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moleski's and/or Michael's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moleski and/or Michael and/or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Moleski and Michael are each permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Moleski's and/or Michael's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moleski and/or Michael and/or with anyone described in (a).

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Moleski and Michael are each permanently restrained and enjoined from violating, directly or indirectly, Section 15(a)(1) of the Exchange Act [15 U.S.C. § 78o(a)(1)] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, to effect transactions in, or induce or attempt to induce the purchase or sale of, securities while not registered with the Commission as a broker or dealer or while not associated with an entity registered with the Commission as a broker or dealer.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Moleski's and/or Michael's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moleski and/or Michael and/or with anyone described in (a).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Moleski and Michael are each permanently enjoined and restrained from violating, directly or indirectly, Section 206(1) or (2) of the Investment Advisers Act of 1940 [U.S.C. §§ 80b–6(1) and (2) ] by, while acting as an investment adviser, directly or indirectly, by use of the means or instruments of interstate commerce or by use of the mails:

(1) employing any device, scheme, or artifice to defraud clients; or

(2) engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Moleski's and/or Michael's officers, agents, servants, employees, and

attorneys; and (b) other persons in active concert or participation with Moleski and/or Michael and/or with anyone described in (a).

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Moleski and Michael are each permanently enjoined and restrained from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] by, while acting as an investment adviser to a pooled investment vehicle, using any means and instrumentalities of interstate commerce, or of the mails:

    (a)    to engage in transactions, practices, and courses of business which operate as a fraud or deceit upon investors;

    (b)    to make untrue statements of a material fact or omit to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor; or

    (c)    to otherwise engage in acts, practices or courses of business that was fraudulent, deceptive, or manipulative with respect to any investor or prospective investor.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Moleski's and/or Michael's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Moleski and/or Michael and/or with anyone described in (a).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant Michael is permanently restrained and enjoined from directly or indirectly, including, but not

5

limited to, through any entity owned or controlled by him, soliciting any person or entity to purchase or sell any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Michael's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Michael or with anyone described in (a).

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Moleski is liable for disgorgement of $61,625.07, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $775.99, and a civil penalty in the amount of $61,625.07 pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act. Moleski shall satisfy this obligation by paying $124,026.13 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Michael is liable for disgorgement of $327,815.55, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,127.85, and a civil penalty in the amount of $327,815.55 pursuant to Section 20(d) of the Securities Act, Section 21(d)(3) of the Exchange Act, and Section 209(e) of the Advisers Act. Michael shall satisfy this obligation by paying $659,758.95 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Austin Marketing Group, LLC is liable for disgorgement of $117,635.00, representing net profits gained as a result of the conduct alleged in the

Complaint, together with prejudgment interest thereon in the amount of $1,481.26. Austin Marketing Group, LLC shall satisfy this obligation by paying $119,116.26 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Austin Media Group, LLC is liable for disgorgement of $50,545.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $636.47. Austin Media Group, LLC shall satisfy this obligation by paying $51,181.47 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Austin Partners LLC is liable for disgorgement of $6,225.12, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $78.39. Austin Partners LLC shall satisfy this obligation by paying $6,303.51 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Austin Partners I, LLC is liable for disgorgement of $260,606.70, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $3,281.56. Austin Partners I, LLC shall satisfy this obligation by paying $263,888.26 to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Moleski, Michael, Austin Marketing Group, LLC, Austin Media Group, LLC, Austin Partners LLC, and Austin Partners I, LLC (together or individually, the "Parties") may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. The Parties may also pay by certified

check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

   Enterprise Services Center
   Accounts Receivable Branch
   6500 South MacArthur Boulevard
   Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the Party's name as a defendant or relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

The Parties shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, the Parties relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to the Parties.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. The Parties shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of

2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, the Parties shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on their payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of the Parties' payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, the Parties shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against the Parties by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by the Parties, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by the Parties under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation the Parties of the federal securities laws or any

9

regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

**IT IS SO ORDERED**.

Dated: November 23, 2021

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE